IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 3:13-2624-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| $795,652.33 in funds seized from | ) | |
| Account xxxxxx1607 with East West | ) | |
| Bank, in the name of LC Lucky, Inc., | ) | |
| | ) | |
| *In Rem* Defendant #1; | ) | |
| | ) | |
| $12,096.84 in funds seized from | ) | |
| Account xxxx2821 with East West | ) | |
| Bank, in the name of SDW USA, Inc., | ) | |
| d/b/a SDW USA Lease Car, Inc., | ) | |
| | ) | |
| *In Rem* Defendant #2; | ) | REPORT AND RECOMMENDATION |
| | ) | |
| $23,230.28 in funds seized from | ) | |
| Account xxxxxx1881 with East West | ) | |
| Bank, in the name of JHC Trading, | ) | |
| Inc., | ) | |
| | ) | |
| *In Rem* Defendant #3; and, | ) | |
| | ) | |
| $1,590,230.66 in funds seized from | ) | |
| Account xxxxxx1344 with Capitol | ) | |
| One Bank, in the name of ABC | ) | |
| Motorsports, LLC, | ) | |
| | ) | |
| *In Rem* Defendant #4, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil *in rem* forfeiture action involving the seizure of funds from four bank accounts based upon probable cause to believe they were involved in money laundering associated with a "straw buyer car export" fraud scheme, as detailed in the

complaint of the United States. [Entry #1, #11]. Before the court are the United States's motion to strike the claim of James Ho Chen ("Chen") [Entry #53] and the motions of Chen and Jie Hu ("Hu") to dismiss the complaint, or, in the alternative, to transfer venue to the Central District of California [Entry #18, #20]. For the reasons that follow, the undersigned recommends the court grant the motion to strike and deny the motions to dismiss/transfer.

I.     Factual and Procedural Background

The alleged scheme giving rise to this case involves the use of straw buyers of high-end vehicles for export for the purpose of circumventing auto manufacturers' restrictions on sales of domestic vehicles for export. On April 30, 2013, the United States obtained seizure warrants from the Honorable Paige Jones Gossett, United States Magistrate Judge for the District of South Carolina, authorizing the seizures of the bank accounts, based upon the court's determination that probable cause existed for their issuance. [Entry #11 at ¶ 5]. The United States Secret Service ("USSS") seized the funds on April 30, 2013. *Id*. Chen filed a claim asserting his interest in *In Rem* Defendant #3, which is $23,230.28 in funds seized from Account xxxxxx1881 with East West Bank, in the name of JHC Trading, Inc. (the "JHC Trading Account"). [Entry #17]. Hu filed a claim asserting his interest in *In Rem* Defendant #1, which is $795,652.33 seized from Account xxxxxx1607 with East West Bank, in the name of LC Lucky (the "LC Lucky Account"). [Entry #19]. Chen and Hu are collectively referred to herein as "Claimants."

Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant

2

property without the court's leave at any time after the claim is filed and before discovery is closed."

On December 27, 2013, the United States served special interrogatories on Chen by certified mail, to the address he listed on his dismissal motion. [Entry # 53-1 (special interrogatories, cover letter to Chen, and certificate of service) and #53-2 (signature card documenting that the special interrogatories were signed for by Helene Chen on January 7, 2014)].

As specified in Rule G(6)(b), Chen had 21 days in which to respond, which, calculating from the date of January 7, 2014, yields a response deadline of January 28, 2014. The United States represented that as of the filing of its motion on February 19, 2014, it had received no responses to the special interrogatories directed to Chen, nor had it received any communication from him requesting an extension or otherwise providing an explanation for his failure to respond.

Supplemental Rule G(8)(c)(i)(A) provides that "at any time before trial, the government may move to strike a claim or answer for failing to comply with ... Rule G(6)." The United States filed its motion to strike Chen's claim on February 19, 2014. After obtaining an extension, Chen filed a response to the motion [Entry #64], and the United States filed a reply [Entry #68].

II.    Discussion

    A.    Applicable Standard

To establish statutory standing to contest a forfeiture action, a claimant must file a claim that complies with Rules G(5) and G(6) of the Supplemental Rules. *United States v.*

3

*29 Robinson Boulevard., Medway, Maine, et al.,* 2012 WL 3947628, at *5 (D.Mass. Sept. 7, 2012) ("statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6)") (citing *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428,* 680 F.Supp.2d 816, 822 (E.D. Mich. 2010)). A court may strike the claim of any claimant who fails to follow the Supplemental Rules' procedural dictates. *United States v. All Assets Held at Bank Julius Bears & Co., Ltd.,* 664 F.Supp.2d 97, 101 (D.D.C. 2009).

      B.      Analysis of Motion to Strike

The United States seeks to strike Chen's claim filed on December 9, 2013, [Entry #19] under Rule G(8)(c) of the Supplemental Rules. [Entry #53]. The United States argues that because Chen failed to respond to the special interrogatories, as required by Rule G(6)(b) of the Supplemental Rules, the court should strike his claim.

In his response, Chen claims he was not personally aware that the special interrogatories had been served on him. [Entry #60 at 1–3]. The United States notes that the special interrogatories were sent by certified mail to Chen on December 27, 2013 [Entry #53-1 at 12–13], and signed for by Chen's wife, Helene Chen, on January 7, 2014 [Entry #53-2]. In his response, Chen claims he was not aware of the existence of the special interrogatories until February 19, 2014, when he received the United States's motion to strike the claim for failure to respond to the special interrogatories. [Entry # 60-1 at 2]. Chen further claims that on that date, Helene Chen informed him that she had signed for the special interrogatories, but that she professed not to recall having done so due to unspecified family emergencies and personal issues. *Id.*

4

Along with his response to the motion, Chen filed responses to the special interrogatories, objecting to virtually all of them, while also providing certain answers. [Entry #60-2]. The special interrogatories responses and accompanying documents reveal that JHC Trading was incorporated by James Chen and Helene Chen [Entry #60-2 at 12]; that Helene Chen has been the Secretary for JHC Trading since April 25, 2011 (*id.* at 14); that Helene Chen is also JHC Trading's Chief Financial Officer and one of the company's Directors (*id.* at 19); and, that Helene Chen owns 50% of the stock in JHC Trading (*id.* at 21). Additionally, the certificate of service accompanying the response was executed by Helene Chen. [Entry #62-1].

1.      Service by the United States was Proper

The United States argues that its service of the special interrogatories was proper. Chen does not dispute the propriety of service of the special interrogatories, instead claiming lack of personal knowledge of their service and attempting to assert excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

Service in this instance is governed by Fed. R. Civ. P. 5(b), which provides: "(2) Service in General. A paper is served under this rule by: . . . (C) mailing it to the person's last known address—in which event service is complete upon mailing." In compliance with these provisions, the United States mailed the special interrogatories on December 27, 2013, triggering a response deadline of January 21, 2014. Even utilizing the actual receipt date of January 7, 2014, when Helene Chen signed for the special interrogatories, JHC Trading responses were due by January 31, 2014. It failed to so respond until after the United States filed its motion to strike.

2.      Helene Chen Acceptance Suffices as Notice to JHC Trading

The United States also argues that JHC Trading had sufficient notice of the special interrogatories through service on Helene Chen and cannot otherwise support its claim of lack of knowledge of the special interrogatories merely because James Chen claims not to have known about them personally. The United States correctly notes that Helene Chen is integrally involved with JHC Trading, as a one-half owner, Director, Chief Financial Officer, and Secretary of the company. Accordingly, even if James Chen lacked actual knowledge of the service of the special interrogatories, JHC Trading was charged with knowledge through Helene Chen.

3.      Striking is Appropriate

The undersigned recommends that the court strike Chen's claim for JHC Trading's failure to timely answer the special interrogatories. A claimant who fails to comply with the Supplemental Rules lacks statutory standing to assert a claim. *United States v. $119,030.00 in U.S. Currency*. 955 F.Supp.2d 569, 577 (W.D. Va. 2013) (citation and internal quotation marks omitted) ("Statutory standing is established through compliance with both the statutory and procedural requirements delineated in 18 U.S.C. § 983(a)(4)(A) and Rules G(5)(a)(i)(B) and (C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions."). Even if the court were to accept Chen's late responses to the special interrogatories, he has failed to demonstrate the standing necessary to proceed in this case. When asked to "[s]tate with particularity you current Interest in the Defendant Funds, or any portion thereof," Chen remarkably objected to the request as "vague, ambiguous, and overbroad as to scope and time," and

"not directly relevant to the subject matter of the litigation and unlikely to lead to the discovery of admissible evidence." [Entry #60-2]. Subject to his objections, Chen stated "I am the owner of JHC's bank account and have a petitionable interest." *Id.* Such a response is inadequate. *See U.S. v. $307,970.00 in U.S. Currency*, 2013 WL 4095373 (E.D.N.C. 2013) (finding description to special interrogatory describing the nature of their ownership interests in the defendant currency as "profits from lawful business ventures" as inadequate); *U.S. v. $104,250.00 in U.S. Currency,* 2013 WL 2357787 at *2 (D.Md. 2013) (finding description in claimant's amended claim of defendant currency as proceeds from personal investments in the entertainment industry and proceeds from claimant's mother's estate was essentially a bald assertion of ownership and therefore insufficient).

For the foregoing reasons, the undersigned recommends the court strike Chen's claim.

    C.    Analysis of Motions to Dismiss/Transfer

        1.    Motions to Dismiss

Having recommended that Chen's claim be stricken, the court recommends denying as moot his motion to dismiss/transfer. Independently, because the grounds raised in Hu's motion to dismiss/transfer are substantially the same as those raised in Chen's motion, the undersigned recommends that the motions to dismiss be denied on their merits.

In their motions, Claimants argue that the complaint is legally insufficient and fails to properly allege a basis for venue in the District of South Carolina. Specifically,

7

they claim that the United States did not comply with the 60-day time limit for providing notice of seizure under 18 U.S.C. § 983(a)(1)(A)(i). [Entry #18-1 at 2; #18-2 ¶ 8; #20-1 at 3; #20-2 at ¶ 8]. However, the United States argues that at the outset of this case, the United States Attorney's Office and the USSS agreed that these seizures would not proceed as administrative forfeitures. Consistent with guidance of the Department of Justice ("DOJ"), the various deadlines of Section 983(a) governing administrative notice and judicial filings do not apply to cases that begin as non-administrative forfeitures. *See United States v. 1866.75 Board Feet and 11 Doors and Casings*, 587 F. Supp.2d 740, 751 (E.D. Va. 2008) (90-day deadline for commencing a civil judicial forfeiture action under CAFRA only applies to cases that start out as administrative forfeiture proceedings; if the U.S. Attorney chooses to commence the case judicially in the first instance, the claimant has no right to object), *aff'd w/o op.* (4th Cir. Sept. 22, 2009); *United States v. Assets Described in "Attachment A,"* 2010 WL 1893327 (M.D. Fla. 2010) (the deadlines in Section 983(a) only apply to cases that begin as administrative forfeitures; they do not apply to the seizure of more than $500,000 from a bank account because administrative forfeiture is not an option); *United States v. $147,900 in U.S. Currency,* 2009 WL 903356, *4 (M.D.N.C. 2009) (11-month delay between seizure of currency and commencement of civil judicial forfeiture action did not violate CAFRA because the deadlines in § 983(a) only apply to cases that begin as administrative forfeitures). The undersigned agrees that the 60-day time limit noted by Claimants is inapplicable to this case, which the United States represents began as a non-administrative forfeiture.

8

Pursuant to Rule G(2)(f), an *in rem* forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Claimants argue that the "the Government must prove ***by a preponderance of the evidence*** that the property is subject to forfeiture." [Entry #18-1 at 2, #20-1 at 3) (emphasis in original). Claimants state the improper standard.

A forfeiture complaint may not be dismissed based upon the government's higher burden of proof at trial to show forfeitability on the merits. The applicable federal statute, 18 U.S.C. § 983(a)(3)(D), states: "No complaint may be dismissed on the ground that that the Government did not have adequate evidence to establish at the time that the complaint was filed to establish the forfeitability of the property." Similarly, Rule G(8)(b)(ii) states:

> In an action governed by 18 U.S.C. § 983(a)(3)(D), the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2).

Rule G(8)(b)(ii). The complaint meets the requirements of Rule G(2), as follows:

a)  it is verified [Entry #11-1 at 1];
b)  it state the grounds for subject-matter jurisdiction, in rem jurisdiction over   the defendant property, and venue [Entry #11 at 2, ¶¶ 2–4 ("Jurisdiction and Venue")];
c)  it describe the property with reasonable particularity [*id.* at 2–3 ("Defendant Funds");
d)  it states the property's location at the time of seizure and filing [*id.*(seized   in Columbia, South Carolina; currently in Washington, D.C.)];
e)  identifies the statute under which the action is brought [*id.* at 11 "Basis for Forfeiture"]; and,
f)  states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial [*id.* at 3–14 ("Facts")].

Although Claimants argue that the complaint fails to establish probable cause for forfeiture, they have failed to demonstrate that this is the law in this Circuit. It appears that Claimants may be confusing the "reasonable belief" requirement of Rule G(2)(f)

9

with the probable cause requirement for a seizure warrant.  It is uncontested that Judge Gossett found probable cause in issuing the seizure warrant.  Under Rule G(2)(f), the United States must set forth sufficient facts to support a reasonable belief that it will be able to meet its burden of proof at trial in the civil forfeiture action.  Under the applicable motion to dismiss standard in Fed. R. Civ. P. 12, the court assumes the facts alleged in complaint are true and construes them in the light most favorable to the United States as the nonmovant.  The United States is not required to set forth in the complaint all of the facts needed to establish the forfeitability of the property. *United States v. $22,173.00 in U.S. Currency,* 2010 WL 1328953, *3-4 (S.D.N.Y. 2010) (explaining that at the pleading stage the Government need only satisfy the "reasonable belief" standard in Rule G(2)(f); it does not have to allege facts sufficient to establish forfeitability at trial or to survive a motion for summary judgment; the import of Section 983(a)(3)(D) is that the Government is entitled to rely on evidence gathered after the complaint is filed to prove its case); *United States v. All Funds on Deposit . . . Held in the Name of Jaeggi*, 2007 WL 2114670, *4 (E.D.N.Y. 2007) (finding that § 983(a)(3)(D) expressly provides that "no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property;" therefore "the Government's forfeiture claim can advance forward in face of a . . . motion to dismiss even if the Government's complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding").

Further, Claimants' motions to dismiss argue the lack of an allegation of any relationship between JHC or LC Lucky's accounts and vehicles associated with the straw

buyer fraud scheme. [Entry #18-1 at 4, #20-1 at 5]. A review of the complaint reveals relationships between these accounts and the purchase of the vehicles. [Entry #11 at 6–14].

Finally, because this is an *in rem* action, the Claimants' allegations of deficiency concerning their lack of knowledge or involvement in any criminal conduct is without merit. *See United States v. $734,578.82 in U.S. Currency*, 286 F.3d 641, 657 (3rd Cir. 2002) (civil forfeiture is an *in rem* action against the property itself; the forfeiture "is not conditioned on the culpability of the owner of the defendant property").

        2.        Motions to Transfer

Alternatively, Claimants seek to transfer venue to the Central District of California. Pursuant to 28 U.S.C. § 1355(b)(1)(A), "[a] forfeiture action or proceeding may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." The complaint alleges that "the purchase of high-end vehicles [alleged in this Complaint] involved a continuing scheme, which involved the purchase of vehicles both inside and outside the District of South Carolina, using funds traceable to the Subject Accounts" [Entry #11 at ¶ 4], including the alleged purchase of 10 vehicles in this district (*id.* at ¶ 7aa). Because the complaint alleges vehicles associated with the scheme were purchased in this district, with funds associated with such accounts, these purchases would necessarily be considered as acts occurring in this district within the meaning of Section 1355(b)(1)(A). Therefore, venue is proper in the District of South Carolina.

11

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The court commonly considers the following factors: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining attendance of the witnesses; (3) the availability of compulsory process; (4) the possibility of view by a jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *United States v. $78,850 in U.S. Currency*, 446 F.Supp.2d. 428, 431, FN2 (D.S.C. 2006) (Duffy, J.) (citing *Landers v. Dawson Constr. Plant, Ltd.,* 201 F.3d 436 (4th Cir. 1999) (unpublished)). "With regard to the question of change of venue, a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1946)).

Claimants argue that litigating this case in the District of South Carolina will be "extremely inconvenient, burdensome, expensive, and prejudicial" [Entry #18-1 at 7; #20-1 at 6]; that the United States can litigate in any forum (*id.*); that transfer witnesses for LC Lucky and JHC Trading are located in Central District of California (*id.*); that litigation would decrease the cost of litigation as to "two of the four [claimants]" (*id.*); and, that it would be prohibitively expensive and inconvenient to travel to this district to litigate [Entry #18-2 at ¶ 5, #20-2 at ¶ 5]. The United States submits, and the undersigned agrees, that the lack of documentation or other factual specifics renders the arguments

unsupported beyond their conclusory nature. On the other hand, application of the foregoing factors support this district as the proper forum for adjudication of this case. This case arose out of an investigation by the Secret Service in the District of South Carolina. The seizure warrants were issued by Judge Gossett in this district. The lead case agents are USSS Special Agent Frank and Joseph Routh, both of whom are stationed with the USSS Field Office in Columbia, South Carolina. The AUSAs involved in the investigation are with the U.S. Attorney's Office in Columbia. Further, the United States represents that there is currently a parallel criminal investigation related to this case in the District of South Carolina led by one of those AUSAs, and that if an indictment is sought, it would be in this district. The United States further states that the evidence obtained thus far in this case is stored in Columbia, and is voluminous. In the event that the case proceeds to trial, the United States anticipates offering witnesses related to the 10 vehicles purchased in South Carolina [Entry #11 at 10–11], which would likely include the local vehicle purchasers; representatives of the local dealerships from which such purchases were made; and a representative of the South Carolina Department of Motor Vehicles, with all of the vehicles having been originally titled in this state. Finally, another claimant in this case, John Stagnoli, is represented by attorney John Alphin and The Strom Law Firm of Columbia, South Carolina, and he has not sought a transfer of venue. Because this is not a case where the balance of factors weighs strongly in favor of the Claimants, the undersigned recommends that Claimants' motions to transfer venue be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant the United States's motion to strike Chen's claim [Entry #53] and deny the motions of Chen and Hu to dismiss the complaint/transfer venue [Entry #18, #20].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 11, 2014                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).