IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A NO.  3:13-2624-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| $795,652.33 in funds seized from | ) | |
| Account xxxxxx1607 with East West | ) | |
| Bank, in the name of LC Lucky, Inc., | ) | |
| | ) | |
| *In Rem* Defendant #1; | ) | |
| | ) | |
| $12,096.84 in funds seized from | ) | |
| Account xxxx2821 with East West | ) | |
| Bank, in the name of SDW USA, Inc., | ) | |
| d/b/a SDW USA Lease Car, Inc., | ) | |
| | ) | |
| *In Rem* Defendant #2; | ) | |
| | ) | |
| $23,230.28 in funds seized from | ) | |
| Account xxxxxx1881 with East West | ) | |
| Bank, in the name of JHC Trading, Inc., | ) | |
| | ) | |
| *In Rem* Defendant #3; and, | ) | |
| | ) | |
| $1,590,230.66 in funds seized from | ) | |
| Account xxxxxx1344 with Capitol | ) | |
| One Bank, in the name of ABC | ) | |
| Motorsports, LLC, | ) | |
| | ) | |
| *In Rem* Defendant #4, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the verified *in rem* complaint of the United States seeking

civil forfeiture of seized assets in four (4) bank accounts.  18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

1

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 11, 2014, the Magistrate Judge issued a Report recommending that the Government's motion to strike the claim of James H. Chen (ECF No. 53) be granted and that Claimants' motions to dismiss or transfer venue (ECF Nos. 18 & 20), filed on behalf of JHC Trading, Inc. and LC Lucky, Inc., be denied. Report, ECF No. 69. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.[1] Claimants James Ho Chen (Chen) d/b/a JHC Trading, Inc. and Jie Hu (Hu) d/b/a LC Lucky, Inc. filed objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report recommends granting the Government's motion to strike Chen's claim for failure to timely answer the Government's Special Interrogatories and denying the motions to dismiss or transfer venue filed on behalf of Chen, d/b/a JHC Trading, Inc. and Hu, d/b/a LC Lucky, Inc. After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and all objections, the court declines to

---

[1]The Report was mailed to Chen and Hu individually.

adopt the Report. For the reasons below, the court denies the Government's motion to strike without prejudice and denies the motions to dismiss or transfer by Chen, d/b/a JHC Trading, Inc. and Hu, d/b/a LC Lucky, Inc., without prejudice.

### MOTION TO STRIKE

On October 11, 2013, the Government filed its Amended Complaint for Forfeiture *In Rem*. ECF No. 11. As is relevant to this order, two of the *in rem* Defendants are assets seized from East West Bank in the name of LC Lucky, Inc. (Account xxxxxx1607, *in rem* Defendant #1) and JHC Trading, Inc. (Account xxxxxx1881, *in rem* Defendant #3). The Government also filed a "Notice of Judicial Forfeiture," listing, *inter alia*, LC Lucky, Inc. and JHC Trading, Inc. as potential claimants. ECF No. 12. On October 18, 2013, the Government filed a Supplemental Notice of Judicial Forfeiture, again listing, *inter alia*, LC Lucky, Inc. as a potential claimant but adding Jie Hu (Hu), James Ho Chen (Chen) and Helen Chen (H. Chen) as potential claimants. JHC Trading, Inc. is not listed as a potential claimant on the Supplemental Notice. *See* ECF No. 14.

On December 6, 2013, Chen, proceeding *pro se*, filed a Verified Notice of Claim. ECF No. 17. Chen attested that "I submit this declaration in support of JHC Trading, Inc. ("JHC") asserting [a] Claim and an interest in the funds listed . . . . I am the sole owner and president of JHC [Trading, Inc.], and the Property in the account referenced as In Rem Defendant #3 are proceeds from my company, JHC. By and through this Notice of Claim, I assert my legal and equitable interest in the Property." Verified Notice of Claim at ¶¶ 2, 4, 5.[2] Chen signed the Claim as an individual. Chen

---

[2]Documents submitted by Chen indicate that his attestation regarding ownership of JHC Trading, Inc., may not be wholly accurate. The Government contends that Chen owns fifty percent of the stock of JHC Trading, Inc.; his wife, Helene Chen (identified by the Government as "Helen" Chen), is listed as also owning fifty percent of the stock of JHC Trading, Inc. *See* Attachment B to Opposition to Motion to Strike at 21, ECF No. 60-2.

also filed a motion to dismiss or transfer "by [Claimant] James Chen d/b/a JHC Trading Inc." ECF No. 18. The signature line of the motion is submitted for "JHC Trading, Inc." and is signed by Chen "Defendant Pro Se." *Id*. at 2.

On December 9, 2013, Hu, proceeding *pro se*, filed a Notice of Claim. ECF No. 19. Hu attested that "I submit this declaration in support of Jie Hu d/b/a LC Lucky, Inc. ("LC Lucky") asserting [a] Claim and interest in the funds listed . . . . I am the sole owner and president of LC Lucky [Inc.], and the Property in the account referenced as In Rem Defendant #1 are proceeds from my company, LC Lucky. By and through this Notice of Claim, I assert my legal and equitable interest in the Property." Notice of Claim at ¶¶ 2, 4, 5. Hu also filed a motion to dismiss or transfer "by [Claimant] Jie Hu d/b/a LC Lucky, Inc." ECF No. 20. The signature line of the motion is submitted for "LC Lucky, Inc." and is signed by Hu "Defendant Pro Se." *Id*. at 2.

On February 19, 2014, the Government moved to strike the claim of Chen for failure to timely respond to Special Interrogatories which had been propounded to Chen individually pursuant to Supplemental Rule G(6), Fed. R. Civ. P. This motion sought to strike Chen's individual claim and made no mention of any attempt by Chen to assert the interests of JHC Trading, Inc.

On March 28, 2014, the Government filed opposition to the motions to dismiss or transfer. ECF No. 64. The Government indicates that the dismissal motions were filed by "claimants JHC Trading, Inc, and LC Lucky, Inc., through, respectively, James Chen ("Chen") and Jie Hu ("Hu") (collectively, "Claimants") . . . ." Resp. at 2.

On July 11, 2014, the Magistrate Judge filed her Report containing the recommendations outlined above. On July 28, 2014, Chen filed objections as "James Ho Chen dba JHC Trading, Inc. . . . ." Obj. at 2, ECF No. 71. Chen indicates that the Government "seized Chen's primary operating

account . . . ." *Id*. at 4.  However, Chen then goes on to state that "Chen's personal account was not seized; it was JHC's account." *Id*. at 5.  Additionally, Chen contends that the motion to dismiss or transfer should be granted because "[i]t would be extremely inconvenient, burdensome, expensive, and prejudicial to *JHC* if it were required to defend this case in the district of South Carolina." *Id*. at 6 (emphasis added).

On this same date, Hu filed objections as "Jie Hu dba LC Lucky Inc. . . . ."  Obj. at 2, ECF No. 72.  Hu indicates that the Government "seized Lucky's primary operating account . . . ." *Id*. at 2.  However, Hu then goes on to state that "Jie Hu's personal account was not seized; it was Lucky's account." *Id*. at 5.  Additionally, Hu contends that the motion to dismiss or transfer should be granted because "[i]t would be extremely inconvenient, burdensome, expensive, and prejudicial to *Lucky* if it were required to defend this case in the district of South Carolina." *Id*. at 6 (emphasis added).

The Report recommends that "that the court strike Chen's claim for JHC Trading's failure to timely answer the special interrogatories."  Report at 6, ECF No. 69.  There is no evidence, however, that JHC Trading, Inc. was ever served with Special Interrogatories.  Accordingly, Chen's claim may not be stricken based upon the failure of a corporation (JHC Trading, Inc) to answer Special Interrogatories never propounded to it.

Neither the Government's opposition to the motions to dismiss or transfer nor the Report address the problem that while Chen and Hu filed their verified claims as individuals, the motions to dismiss or transfer and the objections to the Report appear to be filed on behalf of JHC Trading, Inc. and/or LC Lucky, Inc.  "While [28 U.S.C. § 1654] allows [Claimants] to prosecute [their] own actions *in propria persona*, that right is personal to [them], and absent some other statutory

5

authorization, [Claimants have] no authority to [defend] an action in federal court on behalf of others

. . . ." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007); *Myers*

*v. Loudoun County Pub. Sch.*, 418 F.3d 395 (4th Cir. 2005); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d

1147, 1149 (7th Cir. 2001) (*pro se* litigants lack authority to represent the interests of other parties).

As is relevant to this case, "shareholders do not hold legal title to any of the corporation's assets.

Instead, the corporation—the entity itself—is vested with title." *United States v. Wallach*, 935 F.2d

445, 462 (2d Cir.1991); *see also Design Strategies, Inc. v. Davis*, 355 F. Supp. 2d 715, 717

(S.D.N.Y. 2005) ("It is axiomatic that a corporation . . . is separate and distinct . . . from its owners

and that a shareholder is not the corporation either in law or fact" (citations and quotations omitted));

*United States v. New Silver Palace Restaurant*, 810 F. Supp. 440, 443 (E.D.N.Y. 1992) (

"[s]hareholders are not legal owners or lienholders of the corporation's assets . . . ."). This applies

equally to corporations with sole shareholders. *See United States v. Real Property Associated with*

*First Beneficial Mortg. Corp.*, 2009 WL 1035233 (W.D.N.C. 2009).

   Moreover, to the extent Chen and Hu seek to assert the interests of JHC Trading, Inc. and/or

LC Lucky, Inc., "[i]t has been the law for the better part of two centuries . . . that a corporation may

appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*,

506 U.S. 194, 201-02 (1993). "A corporation is not a natural person. It is an artificial entity created

by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs

through agents or representatives. In legal matters, it must act, if at all, through licensed attorneys."

*State v. Wells*, 5 S.E.2d 181 (S.C. 1939).[3]

---

[3] This long standing rule applies in all but a very narrow category of state court matters not
relevant here.  *See Travelers Ins. Co. v. Roof Doctor, Inc.*, 481 S.E.2d 451 (S.C. Ct. App. 1997)
(noting modification in 1992 to allow non-lawyer agent to represent business entity in state

It does not appear that Chen or Hu are attorneys authorized to practice in this District. For these reasons, JHC Trading, Inc. and LC Lucky, Inc., cannot appear in this matter through non-attorney agents. If JHC Trading, Inc. and LC Lucky, Inc. intend to assert their interest in either *in rem* Defendant #1 or *in rem* Defendant #3, they shall, by **Friday, August 29, 2014,** file a Verified Claim via counsel authorized to practice in this District.[4] The court notifies Claimants Chen and Hu that if an attorney authorized to practice in this District does not appear and file a Verified Claim by this deadline, JHC Trading, Inc. and/or LC Lucky, Inc., shall default any opportunity to pursue a claim under Supplemental Rule G(5)(a) of the Federal Rules of Civil Procedure.

As to Chen's individual claim, the court declines to adopt the Report of the Magistrate Judge regarding the Government's motion to strike. As explained above, no Special Interrogatories were served on JHC Trading, Inc., yet the Magistrate Judge recommended granting the motion to strike based on JHC Trading, Inc.'s failure to respond. Although Chen, individually, did fail to timely respond to the Special Interrogatories, there was potential confusion due to the court's failure to advise Chen (and Hu) of the requirement for corporations to appear via counsel. Accordingly, the Government's motion to strike (ECF No. 53) is **denied without prejudice**. By no later than **August 29, 2014**, Claimants Chen and Hu shall file Amended Verified Claims more clearly asserting their individual interests, if any, in the above-referenced *in rem* Defendants and supplement, if they so choose, their answers to the Government's previously-served Special Interrogatories. *See United*

---

magistrate's court in civil matters).

[4]It is not clear from the inconsistent Notices of Judicial Forfeiture whether JHC Trading, Inc. was properly notified of its right to file a claim. *See* Notice of Judicial Forfeiture, ECF No. 12 (listing potential claimants, including JHC Trading, Inc.) & Supplemental Notice of Judicial Forfeiture, ECF No. 14 (listing additional potential claimants, including all potential claimants listed on original Notice of Judicial Forfeiture *except* JHC Trading, Inc.).

*States of America v. $14,250 U.S. Currency*, 2012 WL 6681920, at *2 (D. Md. 2012) (granting the

government's motion to strike only after the claimant failed to file a verified claim despite multiple

requests by the government that he do so). *See also United States v. $304,050.00 U.S. Currency*,

2012 WL 4953126 (M.D. Fla. 2012) (granting claimant leave to file an amended claim); *United

States v. $196,969.00 U.S. Currency*, 2012 WL 4128035 at *2 n.3 (S.D. Ind. 2012) (noting that

courts have the discretion to allow a claimant a second chance to comply with the pleading

requirements in Rule G(5) by granting leave to file an amended pleading, but declining to do so

where claimant's action appears to be a "strategic choice").

### MOTIONS TO DISMISS AND/OR TRANSFER

The Report  recommended denying the motions to dismiss or transfer (ECF Nos. 18 & 20).

Claimant Chen, d/b/a JHC Trading, Inc, and Claimant Hu, d/b/a LC Lucky, Inc., have filed

objections to this recommendation.

As indicated above, neither the Government nor the Magistrate Judge addressed the fact that

Claimants Chen and Hu filed motions to dismiss or transfer on behalf of JHC Trading, Inc. and LC

Lucky, Inc., respectively, without counsel.

Accordingly, the court **denies the motions without prejudice**.  If Claimants Chen and Hu

seek dismissal or transfer of this matter as individuals, they should refile a motion to dismiss or

transfer by **Friday, August 29, 2014.**  If, after filing a verified claim no later than **Friday, August

29, 2014,** the corporate claimants seek dismissal or transfer of this case, a motion should be filed,

through counsel as outlined above, as directed in Supplemental Rule G(5)(b), Fed. R. Civ. P.  The

Government may, if it so chooses, thereafter serve Special Interrogatories on the corporate claimants

as provided in Supplemental Rule G(6)(a).

This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 11, 2014