IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 3:13-2624-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| $795,652.33 in funds seized from Account xxxxxx1607 with East West Bank, in the name of LC Lucky, Inc., | ) ) ) | |
| | ) | |
| *In Rem* Defendant #1; | ) | |
| | ) | |
| $12,096.84 in funds seized from Account xxxx2821 with East West Bank, in the name of SDW USA, Inc., d/b/a SDW USA Lease Car, Inc., | ) ) ) ) | |
| | ) | |
| *In Rem* Defendant #2; | ) | REPORT AND RECOMMENDATION |
| | ) | |
| $23,230.28 in funds seized from Account xxxxxx1881 with East West Bank, in the name of JHC Trading, Inc., | ) ) ) ) | |
| | ) | |
| *In Rem* Defendant #3; and, | ) | |
| | ) | |
| $1,590,230.66 in funds seized from Account xxxxxx1344 with Capitol One Bank, in the name of ABC Motorsports, LLC, | ) ) ) ) | |
| | ) | |
| *In Rem* Defendant #4, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil *in rem* forfeiture action involving the seizure of funds from four bank accounts based upon probable cause to believe they were involved in money laundering associated with a "straw buyer car export" fraud scheme, as detailed in the

complaint of the United States. [Entry #1, #11]. This matter comes before the court on the failure of James Ho Chen ("Chen") and Jie Hu ("Hu") to file amended verified claims.

The alleged scheme giving rise to this case involves the use of straw buyers of high-end vehicles for export for the purpose of circumventing auto manufacturers' restrictions on sales of domestic vehicles for export. On April 30, 2013, the United States obtained seizure warrants from the Honorable Paige Jones Gossett, United States Magistrate Judge for the District of South Carolina, authorizing the seizures of the bank accounts, based upon the court's determination that probable cause existed for their issuance. [Entry #11 at ¶ 5]. The United States Secret Service seized the funds on April 30, 2013. *Id*. Chen filed a claim asserting his purported interest in *In Rem* Defendant #3, which is $23,230.28 in funds seized from Account xxxxxx1881 with East West Bank, in the name of JHC Trading, Inc. [Entry #17]. Hu filed a claim asserting his purported interest in *In Rem* Defendant #1, which is $795,652.33 seized from Account xxxxxx1607 with East West Bank, in the name of LC Lucky, Inc. [Entry #19].

On August 11, 2014, the Honorable Cameron McGowan Currie, United States District Judge, issued an order denying without prejudice the United States's motions to strike the claims filed by Chen and Hu, as it appeared that Chen and Hu were impermissibly asserting rights on behalf of JHC Trading, Inc. and LC Lucky, Inc., respectively (collectively "Corporate Claimants"). [Entry #73]. Therefore, Judge Currie ordered that Corporate Claimants file by August 29, 2014, verified claims via counsel authorized to practice in this District, if they intended to assert their interests in the *in rem* Defendants #1 and #3. *Id*. at 7. Judge Currie also addressed the potential claims of Chen

and Hu individually by ordering them to file by August 29, 2014, "Amended Verified Claims more clearly asserting their individual interests, if any, in the above-referenced *in rem* Defendants and supplement, if they so choose, their answers to the Government's previously-served Special Interrogatories." *Id*. Upon motion by Corporate Claimants through counsel, the court extended the deadline to file verified claims by September 5, 2014. [Entry #76, #78]. Corporate Claimants filed verified claims on September 5, 2014. [Entry #86, #87]. Chen and Hu have not filed amended verified claims or supplemented their answers to the Government's Special Interrogatories.

It appears from Chen's and Hu's failure to file amended verified claims that they do not wish to proceed as individual claimants in this matter and only wish to pursue their interests through the corporate entities. Therefore, it is recommended that their claims be stricken and that the Clerk of Court terminate from the docket Chen and Hu as individual claimants.[1]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 2, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] David Stagnoli filed, via counsel, a Notice of Claim in his individual capacity. [Entry #15]. The undersigned notes that a review of Stagnoli's claim reveals that he may have intended to file a Notice of Claim on behalf of ABC Motorsports, LLC, instead of in his individual capacity. However, because no party has raised this issue, it is not properly before the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).